UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DEAN BYARS,

        Movant,

                                         File No. 1:11-cv-644

v.

                                         HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## O P I N I O N

       This matter is before the Court on Movant Jerry Dean Byars's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

       Movant was indicted on September 23, 2008, on the following charges: (1) receipt of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256; and (2) possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2), and 2256. *United States v. Byars*, Case No. 1:08-cr-225 (W. D. Mich. July 22, 2009; Dkt. No. 1, Indictment.) Movant pleaded guilty to Count I on February 19, 2009, and was sentenced on July 21, 2009, to a term of ninety-seven months' imprisonment. (1:08-cr-225, Dkt. No. 42, J.) Movant appealed on July 24, 2009, and his conviction was affirmed on October 25, 2010. (1:08-cr-225, Dkt. No. 43, Notice of Appeal; Dkt. No. 47, USCA Opinion.) Movant filed his § 2255 motion on June 27, 2011 and seeks

relief based on several Fourth Amendment claims. (Dkt. No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178

2

F.3d 778, 782 (6th Cir. 1999)).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## III.

The five grounds for relief raised in Movant's initial § 2255 motion are that: (1) the search warrant was stale; (2) the search warrant was unconstitutional; (3) the affidavit of probable cause was inconsistent with the indictment; (4) the plea agreement was illegal; and (5) the government conducted "illegal surveillance." (Dkt. No. 1.)

### A. Fourth Amendment Claims Waived by the Plea Agreement

As a matter of law, Movant had the opportunity to present Fourth and Fifth Amendment claims before the district court but did not.  In signing the plea agreement, Movant waived his right to testify on his own behalf, present evidence, call witnesses, present affirmative defenses, and make such Fourth and Fifth Amendment claims.  (1:08-cr-225, Dkt. No. 23, Plea Agrm't 4-5.)[1]  "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  When a defendant enters a voluntary guilty plea, he waives the right to raise Fourth Amendment claims because  guilty plea waives all non-jurisdictional challenges to a conviction.  *United States v. Martinez-Orozco*, 52 Fed.

---

[1]"By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed."  (1:08-cr-225, Dkt. No. 23, Plea Agrm't 5.)

App'x 790, 792 (6th Cir. 2002); *see Tollett v. Henderson*, 411 U.S. 258, 261-67 (1973); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir.1982). Movant's plea precludes him from making all four of the Fourth Amendment claims. Therefore, these claims are denied.

## B. Illegality and Voluntariness of the Plea

In the plea agreement, Movant also waived the right to claim that a possible subsequent prosecution, brought after a termination of the agreement, might be time-barred. (1:08-cr-225, Dkt. No. 23, Plea Agrm't 6.)[2] Movant asserts that this term of the agreement is illegal. (Dkt. No. 1, Mot. to Vacate 10.) However, the statute of limitations defense is a non-jurisdictional issue that may be waived. *United States v. Mendez-Santana*, 645 F.3d 822, 829 (6th Cir. 2011) (citing *United States v. Titterington*, 374 F.3d 453, 458–59 (6th Cir. 2004)). This waiver is invalid, however, if the plea was not entered into freely and voluntarily. *See United States v. Mezzanatto*, 513 U.S. 196, 201 (1995); *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001).

When voluntary, a conviction and plea waive the right to collateral attack. *United States v. Broce*, 488 U.S. 563, 569 (1989). A defendant must make a conscious decision whether to plead guilty or challenge the evidence and force the Government to prove guilt beyond a reasonable doubt. When a defendant chooses to plead guilty, he relinquishes the privilege to later challenge the evidence. *Id.* at 571. "It is well settled that a voluntary and

---

[2]"In the event that the United States elects to terminate this agreement. . . The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of the agreement." (1:08-cr-225, Dkt. No. 23, Plea Agrm't 6.)

intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Id. at 574 (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).

By pleading guilty, a defendant waives the constitutional rights that attach in a criminal trial, including the very right to a trial, rights against self-incrimination, and rights of confrontation, among others. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Guilty pleas "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce*, 488 U.S. at 569. In his plea agreement, Movant agreed that the plea was entered "freely, knowingly, and voluntarily," and, by signing the agreement, stated, "[n]o one has threatened or forced me in any way to enter this agreement . . . I am satisfied with the representation of my attorney in this matter." (1:08-cr-225, Dkt. No. 23, Plea Agrm't 6-7.) Movant was sworn by the Court and stated that he voluntarily agreed to the terms of the plea. (1:08-cr-225, Dkt. No. 44, Plea Tr. 4, 10.) Movant also acknowledged the other rights he was giving up by pleading guilty.

When the record reveals that a petitioner's "plea was knowing and voluntary," the district court need not conduct a hearing if the defendant later challenges the guilty plea in a 28 U.S.C. § 2255 proceeding. Because Movant has failed to argue, much less show, that waivers contained in the plea were involuntary, the claim is denied.

*C. Ineffective Assistance of Counsel*

Movant has not raised a specific claim that Counsel was ineffective.  However, in the interest of justice, and because pro se pleadings are held to less stringent standards,[3] this Court will consider the issue to the extent that Movant claims his attorney was ineffective for failing to raise the issues on appeal.  Movant claims that the issues were not raised on direct appeal because he relied on Counsel to render effective assistance.  (Dkt. No. 1.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The court may dispose of the claim if a defendant fails to meet either prong.  *Id.* at 697.  Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Because Counsel is presumed to be competent, the burden rests on Movant to show a constitutional violation.  *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)).  Because Movant has failed to show specific errors made by Counsel which undermined the adversarial  process, there is no basis for finding a violation.  *See Strickland*, 466 U.S. at 696-96.

Movant's claims are waived by the plea agreement and are therefore denied.

**IV.**

---

[3] *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant.  To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*  Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong.  Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: December 8, 2011                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE